NO. 04-14-00041-CR

KYLE MILLER

VS.

STATE OF TEXAS

COURT OF APPEALS, FOURTH

COURT OF APPEALS DISTRICT

SAN ANTONIO, TEXAS

---

## MOTION FOR REHEARING

---

To The Honorable Court of Appeals:

Now comes the Appellant KYLE MILLER, and moves this Court to set aside the judgement of affirmance of trial courts decision rendered and entered herein on the 17th day June, 2015, and grant a rehearing of this cause, for the following reasons to wit: (1) Appellant's right to speedy trial was violated via his attorney's negligence which does not vacate his right but only substantiates Appellant's filing his Motions as counsel violated Texas Disciplinary Rules of Professional Conduct and was made to withdraw. (2) The granting of State's motion in Limine does violate his abilities to present a meaningful defense as Appellant did receive a ruling on evidence as it is transcribed for APPELLATE REVIEW in his Bill of Exception. (3) Appellant's argument of the admissibility of his statements is valid in and of the fact that Officer's testimony in both trials and motion hearings is aggravated perjury and Officer Morgan states she was told not to read Appellant his rights. This is a Constitutional violation and by the definition of custody, Appellant was after Officer Woodard's initial question, in custody for the purpose of Miranda. (4) In Appellant's last ground for rehearing, his ineffective counsel cite is valid due to Appellant's motion in Limine being granted yet testimony as well as an extraneous offense was allowed to be heard in direct violation of this and was objected to but not for this reason. The failure of counsel to call a known witness for character of Appellant and victim that was known and even referred to in transcripts validates such a claim as this is in the Reporter's Record as it was discussed in trial.

Appellant states that the name of the opposing counsel in this cause is Jay Brandon, and he resides in Bexar County, San Antonio, Texas. Argument and authorities in support of this Motion for Rehearing are attached hereto and made a part hereof.

### CERTIFICATE

I, KYLE MILLER, Appellant Pro-Se, hereby certify that a true and correct copy of this Motion for Rehearing together with written arguments

and authorities attached thereto have been delivered to the opposing party, Jay Brandon, via U.S.P.S. at 300 Dolorosa, San Antonio, Texas, 78205, this the 26th day of June, 2015.

Appellant Pro-Se

## ARGUMENT AND AUTHORITIES ON MOTION FOR REHEARING

### ARGUMENT

1) The Court incorrectly held Appellant's filing motions "pro se" is a seeking of a hybrid representation. The Court has the obligation to take/bring the defendant to trial under the Due Process Clause of the Constitution and a delay of at least one year in bringing a defendant to trial following arrest will trigger a presumption that the Sixth Amendment has been violated, with the level of judicial scrutiny increasing in direct proportion to the length of delay. The Honorable Judge Mary Roman knew of this delay and as a result of a State Bar of Texas grievance and a ruling by the Board of Disciplinary Appeals, counsel was dismissed/withdrew per order as found in the Clerk's Record pages 262-266 and was briefed as such. Furthermore, defendants must assert their Sixth Amendment right in a timely manner/motion before the trial court. If the defendant fails to assert the right in this manner or acquieces in the face of protracted pretrial delays, he may not raise the issue for the first time on appeal, unless the defendant's failure to raise the issue earlier was due to his attorney's NEGLIGENCE.

### AUTHORITIES

The authorities relied upon are as follows:
Article 1, Section 10 of the Texas Constitution; Article 1.05 of the Texas Code of Criminal Procedure; Rules 1.01, 1.02, and 1.06 of the Texas Disciplinary Rules of Professional Conduct; Sixth and Fourteenth Amendments to the United States Constitution; *Barker V. Wingo*, 407 U.S. 514, 92 S.Ct. 2182 (1972); *Dickey V. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed. 2d 26 (1970); *Brady V. United States*, 408 F. 2d 518 (CA8 1969); *Moser V. United States*, 381 F. 2d 363 (CA9 1967); *Hodges V. United States*, 408 F. 2d 543, 551 (CA8 1969); and *U.S. V. Provoo*, 17 F.R.D. 183 (D. Md.), aff'd, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 2d 1 (1967).

### ARGUMENT

2) The Court incorrectly held that the State's Motion in Limine being granted is preliminary and "because Miller complained(s) of the trial court's order granting such and not about a ruling made during trial excluding evidence Miller sought to introduce" is made incorrect by the Reporter's Record, volume 4 of 6, page 21 and volume 3 of 6, pages 219-223. In these pages counsel objects to just that, the evidence sought to be introduced. Appellant was denied transcripts to cite prior objections

found in mistrial that resulted in the transcription of the Bill of Exception. Regardless of the ruling during trial, the prosecution under Rule 3.09(d) of the Disciplinary Rules of Professional Conduct and ABA Rules cannot, under established guidelines, suppress, actively, evidence which may exonerate the accused or be of material importance to defense. This motion did just this as this testimony (Bill of Exception) and evidence would have had an effect on the outcome of the trial.

## AUTHORITIES

The authorities relied upon are as follows:
Article 1.03(4) and 2.01 of the Texas Code of Criminal Procedure; Rule 404(b); *Means V. State*, 429 S.W. 2d 490 (Tex. Crim. App. 1968) quoting *Mooney V. Holohan*, 294 U.S. 103 55 S. Ct. 340 79 L. Ed. 791 (1935); Rule 3.09(d) of the Texas Disciplinary Rules of Professional Conduct; Rules of Evidence found in Texas Code of Criminal Procedure.

## ARGUMENT

3) The Court incorrectly held Appellant's third and fourth points of error concerning admissibility of statements and suppression as the Officer's own testimony and the definition of custody found in the Texas Penal Code, Texas Code of Criminal Procedure, and Honorable Mary Roman's Findings of Fact and Conclusions of Law (Clerk's Record pages 306-315) state the statements sought in suppression were made after being placed in custody and violation of Officer's Manual concerning such. Officer's testimony states she was told not to read Appellant his rights found in the Reporter's Record, volume 2 of 6, pages 200-201 is a direct violation of the Officer's Manual and the United States Constitution as Appellant is not allowed to incriminate himself, as the warnings to prevent such were "told not to" be given to Appellant after he was handcuffed/placed in custody and answered direct, express questions afterwords.

## AUTHORITIES

The authorities relied upon are as follows:
Article's 1.05, 38.22, 38.23 of the Texas Code of Criminal Procedure; §38.01 (A)(B) of the Texas Penal Code, *Miranda V. Arizona*, 348 U.S. 436, 444 (1966); *State V. Stevenson*, 184 S.W. 2d 143 (Tex. App. - Fort Worth 1990); *Rhode Island V. Innis*, 446 U.S. 291, 300-301 (1980); *Wong Sun V. United States*, 371 U.S. 471, 4 18 (1963); *Garcia V. State*, 35 S.W. 3d 227, 244 (Tex. App. - Houston [14th Dist.] (1999); *U.S. V. Cavazos*, 668 F. 3d 190 (5th Cir. 2012); *Bell V. Milwaukee*, 746 F. 2d 1205 (1984); San Antonio Police Department General Manual, Section 500-Subsection 502, Arrest Procedures, and the Fifth and Sixth Amendments of the United States Constitution.

## ARGUMENT

4) The Court incorrectly held that "There is a strong presumption that trial counsel's conduct fell within the wide range of professional assistance."

3.

is affirmed in the fact that a witness was not provided nor made to make an affidavit providing character testimony of the victim and Appellant. This known witness as transcribed as to being known on page 103, volume 3 of 6 of the Reporter's Record and again on page 13 of volume 5 of 6 of the Reporter's Record is the victim's brother and Appellant's uncle, Matthew Davis. Failure to make Matthew Davis available violates Due Process in a fundamental way and one error can support Appellant's claim. The stating that "Direct appeal is usually an inadequate vehicle for raising such a claim because the record is undeveloped" is compounded by the fact that although not the preferred method, it can be raised on direct appeal, as this is the first of many venues of raising and exhausting issues.

Another point although not mentioned by the Court is the double-jeopardy retrial claim using "new evidence" as it was not new, just a different version. Counsel should have, at end of first trial, requested a direct verdict of acquittal when jury could not reach verdict after hung jury declared, as a mistrial is used to remedy "a narrow class of highly prejudicial and incurable errors." This occured and counsel requested/moved for mistrial and transcripts in this were requested for and denied. This goes against the state's Constitution and the Rules set forth for attorney's to abide by to protect their clients.

## AUTHORITIES

The authorities relied upon are as follows:
Article 1, Sections 10 and 14 of the Texas Constitution; Sixth and Fourteenth Amendments of the United States Constitution; Article 1.05 of the Texas Code of Criminal Procedure; Rule 1.01 of the Texas Disciplinary Rules of Professional Conduct; *Billy-Eko V. United States*, 8 F. 3d 111 (C.A.2 1993); *Massaro V. United States*, 538 U.S. 500, 123 S. Ct. 1690 (2003); *Strickland V. Washington*, 466 U.S. 688, 104 S. Ct. 2052, 80 L.Ed. 2d 674 (1984); *Robinson V. State*, 139 S.W. 3d 748 (Tex. App.-Corpus Christi, 2004); *Ex Parte Peterson*, 117 S.W. 3d 804, 819 (Tex.Crim. App. 2003); *Washington V. St. of Texas*, 388 U.S. 14, 18 L. Ed. 2d 1029, 87 S.Ct. 1920 (1967); *U.S. V. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed. 2d 657 (1984); *U.S. V. Tory*, 52 F. 3d 207 (CA 9 1995); *Meyer V. Estelle*, 621 F. 2d 769 (5th Cir. (Tex.) 1980); *Murray V. Carrier*, 477 U.S. 496, 91 L.Ed. 2d 397, 106 S. Ct. 2639 (1986); *Nero V. Blackburn*, 597 F. 2d 991, 994 (5th Cir. 1979); *Garner V. State*, 858 S.W. 2d 656, 658 n.1 (Tex. App. Fort Worth 1993, pet ref'd).

## CONCLUSION AND PRAYER

Appellant respectfully prays that this Motion for Rehearing be granted, the original opinion/affirmation be withdrawn and the case be reversed and issued acquittal or dismissed with prejudice, immediately.

Respectfully Submitted,

Appellant Pro Se

4.

SANDRA LNN MALLOY
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-22-2019

JUNE 25, 2015

KYLE MILLER #01681441
BLANC
206 N. COMAL
SAN ANTONIO, TX
SAN ANTONIO, TX 78207

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 JUL -1 PM 12: 47

*Keith E. Hottle*
KEITH E. HOTTLE, CLERK

2015688130 236 DRCTNMP 78205

4th Court of Appeals
Criminal Justice Center
300 Dolorosa
San Antonio, Texas 78205

RETURN
SERVICE
REQUESTED
LEGAL
MAIL

neopost
06/29/2015
US POSTAGE $000.47¹

FIRST-CLASS MAIL
PRSRT

ZIP 78205
041M12250025